WESTON & McELVAIN LLP
Aaron C. Agness (State Bar No. 221943)
Leo L. Ashley III (State Bar No. 197890)
1960 E. Grand Avenue, Suite 400
El Segundo, California 90245
Telephone:   (213) 596-8000
Facsimile:    (213) 596-8039
Email:          aagness@wmattorneys.com
                     lashley@wmattorneys.com

Attorneys for Plaintiff/Counter-Defendant TRAVELERS
PROPERTY CASUALTY COMPANY
OF AMERICA

## UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>                    Plaintiff,<br><br>Vs.<br><br>GLASSWERKS LA, INC.; AVALON GLASS & MIRROR COMPANY,<br><br>                    Defendants. | CASE NO. 2:18-cv-01144 JFW(GJSx)<br><br>**JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE**<br><br><br><br>Complaint Filed: February 9, 2018<br>Trial Date:        None |

          Pursuant to this Court's Standing Order dated February 14, 2018 (Document 10), Plaintiff/Counter-Defendant Travelers Property Casualty Company of America ("Travelers") and Defendants/Counterclaimants Glasswerks LA, Inc. and Avalon Glass & Mirror Company (collectively referred to as "Avalon"), by and through their respective counsel, hereby submit this Joint Statement regarding the parties' Local Rule 7-3 conference concerning Travelers' motion to strike allegations included within Avalon's Counterclaims:

-1-

JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE

1.     Travelers issued an insurance policy to GWLA Acquisition Corporation, which pursuant to endorsement identifies various entities as named insureds, including Avalon ("Policy").

2.     Avalon is a retailer and distributor of custom glass products including mirrors, and a defendant in a federal district court suit filed by Electric Mirror, LLC ("EM") alleging failures by Avalon to deliver non-defective mirrors that EM intended to use and sell as part of custom mirrors with lighting and television displays ("Underlying Action").

3.     Travelers commenced this action seeking declarations that it has no duty to defend or indemnify Avalon relative to the Underlying Action because EM only alleges damages that do not qualify for coverage under the Policy.

4.     On April 20, 2018, Avalon answered Travelers' Complaint in which it asserts eight affirmative defenses.  Avalon also filed Counterclaims against Travelers for breach of contract and breach of the implied covenant of good faith and fair dealing ("bad faith").

5.     Avalon alleges in the Counterclaims that by letter dated July 11, 2016, Travelers wrongfully denied Avalon's tender of defense, and as a result, Avalon retained its own counsel to defend it in the Underlying Action at its own expense that has not been reimbursed by Travelers.  *See* Counterclaims ¶¶ 30-32, 34, 39, 40. Avalon also contends that after the July 11, 2016 letter, Avalon, through their representative counsel and insurance broker, requested that Travelers reconsider its denial of coverage.  *See* Counterclaims ¶ 33.

6.     Avalon further alleges that when it tendered the Underlying Action to Travelers in June 2016, it also tendered to another one of its insurers, Liberty Mutual Insurance Company ("Liberty Mutual").  *See* Counterclaims ¶ 41.  Avalon contends that Liberty Mutual accepted the defense pursuant to a reservation of rights and appointed Bud Fallon ("Fallon") in place of the counsel Avalon had retained. *See* Counterclaims ¶¶ 42-43.

-2-

JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE

7.      Avalon contends that on April 5, 2017, Travelers sent a purported reservation of rights letter to Avalon's prior coverage counsel, agreeing to defend Avalon subject to a purported reservation of rights.  *See* Counterclaims ¶¶ 36-37. Avalon further contends that in its April 5, 2017 letter, Travelers agreed in connection with its duty to defend Avalon to share the costs of the defense of the Underlying Action with Liberty Mutual, including the payment of Fallon's legal services.  *See* Counterclaims ¶ 44.

8.      The Counterclaims further allege that Fallon failed in several key respects to adequately or properly defend Avalon and prepare the Underlying Action for trial, to Avalon's prejudice, by, among other things failing to complete significant discovery on liability and damages issues, failing to obtain declarations or testimony to authenticate third party records, failing to adequately inspect EM's facilities and mirrors, failing to adequately and properly question witnesses at depositions, failing to locate key witnesses, failing to depose numerous current and former EM employees, conducting essentially no discovery on the damages EM is claiming, having an inadequate plan for completing discovery that relied on taking between 4 and 5 depositions per day of often critical witnesses, and failing to review or share numerous emails with Avalon prior to the deposition of EM's founder.  *See* Counterclaims ¶¶ 47-57.

9.      Avalon alleges in the Counterclaims that Travelers had a duty to reasonably and adequately supervise Mr. Fallon and the defense of the Underlying Action and breached its duty to defend by failing to reasonably and adequately supervise Fallon.  *See* Counterclaims ¶¶ 45-46.  The alleged breach is based on information and belief that Travelers was aware of Fallon's acts and omissions, but did nothing to correct his conduct to ensure that Avalon received an adequate defense of the Underlying Action.  *See* Counterclaims ¶ 58.

10.      On May 3, 2018, Travelers' counsel sent an email to Avalon's attorneys asking Avalon to amend the Counterclaims by withdrawing paragraph nos.

JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE

152512.00601/107971296v.1

45-59 concerning the purported failures by defense counsel Fallon based on the decision in *Merritt v. Reserve Ins. Co.,* 34 Cal. App. 3d 858, 882 (1973). A true and correct copy of the May 3rd email message is attached hereto as **Exhibit 1**.

11.    Avalon's counsel acknowledged receipt of the email the next day (May 4th), and advised that Travelers' counsel would be contacted the following week. Counsel for the parties scheduled a time to discuss the requested amendment over the telephone, and a conference was held on May 8, 2018. Avalon's attorneys Frank Kaplan and Justin Lavella participated in the call. Travelers' attorney Leo L. Ashley III participated in the call in place of Travelers' lead counsel Aaron Agness who was in San Francisco, California at a mediation on May 8th and unable to participate in the teleconference.

12.    During the call, counsel discussed the holding in *Merritt* and related issues. Travelers' counsel advised that *Merritt* determined carriers (a) have no duty to direct or supervise the defense provided through retained defense counsel, (b) may rely on competent defense counsel to conduct the defense and (c) are not liable for malpractice committed by defense counsel. Travelers' counsel also contended the Counterclaims allege Fallon mounted a poor and deficient defense of Avalon, not that he was incompetent for the job of defending Avalon against EM's claims for relief. Travelers' counsel noted the Counterclaims are completely devoid of any reference to Travelers' duty to provide competent counsel, a claim for breach of that duty or other facts indicating Fallon was incompetent and Travelers was aware of such incompetency.

13.    Avalon's counsel disagreed and contended the insurer has a duty to correct known failures by defense counsel to mount an adequate defense and that such duty is supported by, among other cases, the decision in *Travelers Insurance Company v. Lesher,* 187 Cal. App. 3d 169, 191(1987) (rejecting insurer's contention that an insurer's obligation to defend is discharged when it retains competent counsel).

JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE

14.     Avalon's counsel contended that the Counterclaims do not seek to impose vicarious liability on Travelers for Fallon's conduct, and that *Merritt v. Reserve Ins. Co.*, 34 Cal. App. 3d. 858 (1973) does not control the disposition of Travelers' contemplated motion to strike.  Instead, the Counterclaims assert that Travelers independently breached its duty to defend through its knowledge of Fallon's injurious conduct and its failure to correct that conduct.

15.     Avalon's counsel also contended that *Merritt* itself recognized that an insurer remains liable for the negligent performance of its own duties, and that *Merritt* (as well as other California cases) also explained that an insurer owes a number of duties to its insured in addition to the duty to employ competent counsel to represent the insured.  Travelers' counsel did not dispute that *Merritt* identifies other duties imposed on defending insurers including the duties to fund the defense and keep abreast of the progress and status of the litigation so that the insurer may act intelligently and in good faith on settlement offers, which Travelers contends are not implicated by Avalon's counterclaims.  Avalon's counsel contended that cases such as *Lesher* state that an insurer may have even other duties and obligations if necessary to ensure a proper defense.

16.     Avalon's counsel also stated that the Counterclaims' allegations are broad enough to allege a breach of Travelers' duty to provide competent counsel.  Avalon's counsel contended that Travelers cannot reasonably assert that in connection with its duty to defend, it is entitled to rely on the competence of counsel selected by it when that counsel repeatedly displayed his lack of competence, and Travelers was aware of that lack of competence.

17.     Finally, Avalon's counsel also raised the possibility that the issue of Travelers' bad faith conduct, particularly as it relates to its duty to provide an adequate defense of the Underlying Action, might be governed by Washington law, since the Underlying Action is pending in that state, and Fallon is a Washington attorney whose conduct and ethical obligations are governed by Washington law.

JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE

1  Avalon's counsel stated that his firm has researched California and Washington law

2  in conjunction with the instant dispute, and believes that Travelers' duties under

3  Washington law would be at least as extensive as under California law.  To date,

4  Avalon's counsel has not provided Travelers' counsel with any such research.

5       18.    The telephone conference lasted 20-30 minutes and the parties were not

6  able to resolve the dispute during that time, as Avalon declined to withdraw the

7  subject paragraphs 45-59.

8       19.    Avalon's attorneys also advised that both of them have pre-planned

9  vacations in June 2018, and as a result, they will not be available for a hearing on

10  Travelers' motion to strike until after June 26, 2018.  Traveler's counsel stated his

11  willingness to accommodate Avalon's vacation schedule.

12      [Pursuant to Local Rule 5-4.3.4(a)(2), the undersigned filer attests that all

13  signatories concur in the filing's content and have authorized the filing with

14  electronic signatures.]

16  Dated:  May 11, 2018          Respectfully submitted,
BLANK ROME

17             By:  **/s/ Frank Kaplan**

18            Frank Kaplan
Justin Lavella

19            Attorneys for
Defendants/Counterclaimants

20            GLASSWERKS LA, INC. and AVALON
GLASS & MIRROR COMPANY

22  Dated:  May 11, 2018          Respectfully submitted,
WESTON & McELVAIN LLP

24             By:  **/s/ Aaron C. Agness**
Aaron C. Agness

25            Leo L. Ashley III
Attorneys for Plaintiff/Counter-

26            Defendant TRAVELERS PROPERTY
CASUALTY COMPANY OF

27            AMERICA

28

Exhibit "1"

## Leo L. Ashley

| | |
|---|---|
| **From:** | Leo L. Ashley |
| **Sent:** | Thursday, May 03, 2018 2:08 PM |
| **To:** | 'jlavella@blankrome.com' |
| **Cc:** | 'fkaplan@blankrome.com'; Aaron C. Agness |
| **Subject:** | Travelers Property Casualty Company of America v. Glasswerks LA, Inc. et al. (Counterclaims), Our File No. TR966 |

Justin,

We have reviewed your clients' Counterclaims against Travelers including paragraphs 45-59 concerning Travelers' purported failure to "reasonably and adequately supervise" retained defense counsel Bud Fallon. There is, however, no obligation to "supervise" retained defense counsel. Instead, a carrier may rely upon competent counsel to conduct the litigation and is not liable for malpractice committed by counsel. See *Merritt v. Reserve Ins. Co.,* 34 Cal. App. 3d 858, 881-882 (1973) (having chosen competent independent counsel to represent the insured in litigation, the carrier may rely upon trial counsel to conduct the litigation and the carrier does not become liable for trial counsel's legal malpractice; the remedy for such negligence is found in an action against counsel for malpractice). As a result, Travelers is not subject to liability as a matter of law for the purported failures of Fallon to complete significant discovery, obtain declarations or testimony to authenticate third party records, inspect Electric Mirror's facilities and mirrors, properly question and locate witnesses and coordinate and prepare for depositions.

The allegations about attorney Fallon have absolutely no bearing on your clients' claims for breach of contract and bad faith against Travelers and should be withdrawn from the Counterclaims, particularly since such allegations will surely cause the parties to spend significant and unnecessary time and expense discovering information about the quality of Fallon's defense that is completely irrelevant to Travelers' liability for the Counterclaims.

Please let us know if your clients are willing to amend the Counterclaims by removing these impertinent and immaterial allegations. If not, Travelers will move the Court for an order striking the allegations.

Your attention to this matter is appreciated. Please call if you prefer to talk. I look forward to hearing from you.

Leo L. Ashley III
Attorney At Law
Weston & McElvain LLP
1960 East Grand Avenue, Suite 400
El Segundo, California 90245
lashley@wmattorneys.com
(213) 596-8000 Telephone
(213) 596-8039 Facsimile

Visit us on the web at: http://www.wmattorneys.com/index.htm
WARNING: THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE MAY INCLUDE PRIVILEGED ATTORNEY-CLIENT OR OTHER CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERY TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT 213-596-8000 OR REPLY E-MAIL TO ARRANGE RETURN OF THE ORIGINAL MESSAGE TO US. UNAUTHORIZED INTERCEPTION OF THIS E-MAIL IS A VIOLATION OF FEDERAL CRIMINAL LAW.

*Travelers Property Casualty Company of America v. Glasswerks, LA, Inc. et al.*
USDC-Central District, 2:18-CV-01144-JFW (GJSx)

# PROOF OF SERVICE

I, Delora Thy, declare:

I am employed in the County of Los Angeles, state of California.  I am over the age of 18 and not a party to the within action; my business address is 1960 East Grand Avenue, Suite 400, El Segundo, California 90245.

On May 11, 2018, I served a copy of the foregoing document described as: **JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE** on all interested parties in this action by placing true and correct copies thereof enclosed in sealed envelopes addressed as follows:

## [PLEASE SEE ATTACHED SERVICE LIST]

**[X]   (ELECTRONIC):**  By electronically filing the foregoing document with the Clerk of the United States District Court, Central District of California, using its ECF system, which electronically notifies the persons on the attached service list at the email addresses registered with the ECF System.

I declare under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

I declare under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 11, 2018 at El Segundo, California.

*Delora Thy*
Delora Thy

1

*Travelers Property Casualty Company of America v. Glasswerks, LA, Inc. et al.*
USDC-Central District, 2:18-CV-01144-JFW (GJSx)

## SERVICE LIST

1

2  Frank Kaplan, Esq.
3  BLANK ROME LLP
   2029 Century Park East, 6th Floor
4  Los Angeles, CA 90067 AS MOOT
5  Telephone: (424) 239-3400 4/2/18
   Facsimile: (424) 239-3845
6  E-mail: fkaplan@blankrome.com

*Attorney for Defendants,*
Glasswerks LA, Inc. and Avalon
Glass & Mirror Company

7  Justin F. Lavella, Esq. *pro hac vice*
8  BLANK ROME LLP
   1825 Eye Street NW
9  Washington, DC 20006
10 Telephone: (202) 420-4834
   Facsimile (202) 420-2201
11 E-mail: jlavella@blankrome.com

*Attorney for Defendants,*
Glasswerks LA, Inc. and Avalon
Glass & Mirror Company

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2