WESTON & McELVAIN LLP
Aaron C. Agness (State Bar No. 221943)
Leo L. Ashley III (State Bar No. 197890)
1960 E. Grand Avenue, Suite 400
El Segundo, California 90245
Telephone:  (213) 596-8000
Facsimile:   (213) 596-8039
Email:        aagness@wmattorneys.com
                   lashley@wmattorneys.com

Attorneys for Plaintiff/Counter-Defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>Vs.<br><br>GLASSWERKS LA, INC.; AVALON GLASS & MIRROR COMPANY,<br><br>　　　　　Defendants. | CASE NO. 2:18-cv-01144 JFW(GJSx)<br><br>**NOTICE OF PLAINITFF/CROSS-DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S MOTION TO STRIKE IMMATERIAL AND/OR IMPERTINENT MATTERS FROM COUNTERCLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[FRCP, Rule 12(f)]<br><br>Hearing Date:  June 18, 2018<br>Time:            1:30 p.m.<br>Courtroom:    7A<br><br>Complaint Filed: February 9, 2018<br>Trial Date:         None |

**TO DEFENDANTS/COUNTERCLAIMANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 18, 2018, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 7A of the above-entitled court located at 350 West First Street, Los Angeles, CA 90012, Plaintiff/Counter-Defendant Travelers Property Casualty Company of America ("Travelers") will and hereby does move, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, for an order striking without leave to amend the following paragraphs 45-59 set forth in the Counterclaims of Defendants/Counterclaimants Glasswerks LA, Inc. and Avalon Glass & Mirror Company (collectively referred to as "Avalon"):

*45. As a result, Travelers had a duty to reasonably and adequately supervise Mr. Fallon and the defense of the Underlying Action.*

*46. Although Travelers agreed to provide counsel for Avalon pursuant to its duty to defend, Travelers breached its duty to defend by failing to reasonably and adequately supervise Mr. Fallon.*

*47. Mr. Fallon failed in several key respects to adequately or properly defend Avalon and prepare the Underlying Action for trial, to Avalon's prejudice.*

*48. Mr. Fallon, among other things, failed to complete significant discovery on liability and damages issues.*

*49. Mr. Fallon obtained documents from third parties without obtaining testimony or declarations to authenticate the documents.*

*50. Mr. Fallon also failed to adequately inspect Electric Mirror's facilities and mirrors that Electric Mirror rejected.*

*51. Mr. Fallon also failed to adequately or properly question witnesses at depositions.*

*52. Mr. Fallon also made little or no effort to locate key witnesses.*

*53. Mr. Fallon also failed to depose numerous current and former Electric Mirror employees.*

*54. Mr. Fallon conducted essentially no discovery on the damages Electric Mirror is claiming.*

*55. Mr. Fallon also cancelled a previously scheduled mediation without any consultation from Avalon or its insurers.*

*56. Mr. Fallon's plan for completing discovery was inadequate as it relied on taking between 4 and 5 depositions per day of often critical witnesses, including the founder of Electric Mirror, during the weeks leading up to the then-existing discovery cut-off deadline.*

*57. Mr. Fallon also obtained numerous emails but did not review them or share them with Avalon prior to the deposition of Electric Mirror's founder.*

*58. Avalon is informed and believes that Travelers was aware of Mr. Fallon's acts and omissions, but did nothing to correct his conduct to ensure that Avalon received an adequate defense of the Underlying Action.*

*59. As a result of Mr. Fallon's acts and omissions, in March 2018 Avalon was required to engage Lane Powell to re-enter the case as lead counsel and replace Mr. Fallon.*

This motion is made on the grounds that Travelers' purported duty to "reasonably and adequately supervise Mr. Fallon" does not exist, and any purported failures by attorney Fallon to adequately defend Avalon in the underlying lawsuit commenced by Electric Mirror, LLC have absolutely no bearing on Avalon's counterclaims against Travelers for breach of contract and breach of the implied covenant of good faith and fair dealing. Paragraphs 45-59, as a result, are immaterial and impertinent matters that should be stricken from the Counterclaims without leave to amend, particularly since the allegations will certainly prejudice Travelers by causing the parties to spend significant time and expense discovering

information about the quality of attorney Fallon's defense that is completely irrelevant to Travelers' liability for the Counterclaims.

    This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, and upon such other matters as may be properly considered by the Court in ruling on this Motion.

    This Motion is made following a conference of counsel in accordance with L.R. 7-3 which occurred on May 3, 2018, May 8, 2018, and May 16, 2018.

Dated: May 21, 2018

Respectfully submitted,
WESTON & McELVAIN LLP

By: **/s/ Leo L. Ashley**
Aaron C. Agness
Leo L. Ashley III
Attorneys for Plaintiff/Counter-Defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

**TABLE OF CONTENTS**

| | |
|---|---|
| I. | INTRODUCTION ...................................................................................... 1 |
| II. | FACTUAL BACKGROUND ..................................................................... 3 |
| | A. The Policy ........................................................................................ 3 |
| | B. The Underlying Action ..................................................................... 3 |
| | C. The Tender of Defense To Travelers ................................................ 3 |
| | D. This Declaratory Relief Action ........................................................ 4 |
| | E. Avalon's Counterclaims ................................................................... 4 |
| | F. Immaterial And Impertinent Allegations About Fallon ................... 5 |
| III. | MOTION TO STRIKE STANDARDS ...................................................... 6 |
| IV. | THE COURT SHOULD STRIKE THE IMMATERIAL AND IMPERTINENT PARAGRAPHS 45-59 ........................................................ 7 |
| | A. The *Lesher* Decision Does Not Provide For A Different Rule ............... 9 |
| | B. Prejudice Will Ensue If Paragraphs 45-59 Remain ......................... 11 |
| | C. Leave To Amend Should Be Denied Due To Futility of Amendment And Prejudice ............................................................ 12 |
| V. | CONCLUSION ........................................................................................ 12 |

# TABLE OF AUTHORITIES

**State Cases**

*Chevron U.S.A., Inc. v. Workers' Compensation Appeals Board*
   19 Cal.4th 1182 .................................................................................................10

*Gray Cary Ware & Freidenrich v. Vigilant Ins. Co.*
   114 Cal. App. 4th 1185 (2004)……………...……………………………………7

*Merritt v. Reserve Ins. Co.*
   34 Cal. App. 3d 858 (1973) …………………………………………..….7, 8

*Spindle v. Chubb/Pacific Indemnity Group*
   89 Cal. App. 3d 706 (1979) ……………………………………………………9, 10

*Travelers Insurance Company v. Lesher*
   187 Cal. App. 3d 169 (1987) .................................................................................9

**Treatises**

O'Connell, Stevenson, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial
   Ch. 9-G, §§9:407-9:410 (The Rutter Group 2018)………………………..11

**Federal Statutes**
Federal Rules of Civil Procedure, Rule 12 ................................................................6

**Federal Cases**

*California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*
   217 F. Supp. 2d 1028 (C.D. Cal. 2002) ...............................................................11

*Fantasy Inc. v. Fogerty*
   984 F.2d 1524 (9th Cir. 1993)…………………………………………..6

*Kearns v. Ford Motor Company*
   2007 WL 5110308 *4 (C.D. Cal. March 22, 2007) .................................................9

*Northstar Financial Advisors v. Schwab Investments*
   135 F. Supp. 3d 1059 (N.D. Cal. 2015) .................................................................12

*Sidney-Vinstein v. A.H. Robins Co.*
   697 F.2d 880 (9th Cir. 1983) ...................................................................................6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises out of a policy issued by Plaintiff/Counter-Defendant Travelers Property Casualty Company of America ("Travelers") that provides coverage for Defendants/Counterclaimants Glasswerks LA, Inc. and Avalon Glass & Mirror Company (collectively referred to herein as "Avalon"), subject to its terms, conditions, limitations, and exclusions.  Avalon is a retailer and distributor of custom glass products including mirrors that has been sued in federal district court by Electric Mirror, LLC ("EM") for purported failures to deliver non-defective mirrors that EM intended to use and sell as part of custom mirrors with lighting and television displays.  Travelers initially disclaimed any duty to defend Avalon, but subsequently agreed to provide Avalon with a defense to EM's suit pursuant to the subject policy under a full reservation of rights through attorney Bud Fallon ("Fallon").

Travelers thereafter commenced this action seeking declarations that it has no duty to defend or indemnify Avalon relative to EM's suit because EM only alleges damages that do not qualify for coverage under the policy.  Avalon answered Travelers' Complaint and filed Counterclaims against Travelers for breach of contract and breach of the implied covenant of good faith and fair dealing ("bad faith"), claiming Travelers initially declined to provide Avalon with a defense to EM's suit in error and failed to reimburse Avalon for defense fees incurred thereafter and before Travelers agreed to pick up the defense under a reservation of rights.

The Counterclaims also include a number of allegations about the quality of the defense provided by Fallon and purported failures by Travelers related to Fallon's defense.  In particular, Avalon alleges that Travelers "had a duty to reasonably and adequately supervise Mr. Fallon and the defense of the Underlying Action", and Travelers breached that duty because Fallon failed to complete

1 significant discovery, obtain declarations or testimony to authenticate third party
2 records, properly inspect EM's facilities and mirrors, properly locate and question
3 witnesses and prepare for depositions and Travelers failed to correct such conduct
4 by Fallon.

5     In reality, there is no such duty to "supervise" retained defense counsel and
6 Avalon has not identified any California court decision imposing such a duty,
7 despite numerous opportunities to do so during the parties' multiple Local Rule 7-3
8 conferences about this motion.  Instead, California law is clear that (1) a liability
9 insurer's only duty in this regard is to select competent counsel to represent the
10 insured, pay for that defense, and keep abreast of the progress and status of the
11 litigation so that it may act intelligently and in good faith, (2)  retained defense
12 counsel is an independent contractor who is not subject to control and direction by
13 the insurer over the details of counsel's performance, and (3) an insurer such as
14 Travelers may rely on competent counsel to conduct the defense of an insured and
15 bears no liability as a matter of law for malpractice committed by counsel during the
16 course of the engagement.  These allegations about Fallon's failures as retained
17 defense counsel, as a result, do not state viable claims for breach of contract or bad
18 faith, nor do the allegations otherwise influence Travelers' liability for those
19 counterclaims.

20     Moreover, given the pervasiveness of Fallon's alleged missteps, which
21 involve several depositions and other discovery proceedings, the parties will
22 certainly spend significant time and expense discovering irrelevant information
23 about the quality of Fallon's defense if the allegations about Fallon remain.
24 Considering this potential for prejudice and the absence of any connection between
25 Fallon's activities as defense counsel and Travelers' liability for breach of contract
26 and bad faith, paragraphs 45-59 of the Counterclaims are immaterial and/or
27 impertinent matters that should be stricken without leave to amend pursuant to Rule
28 12(f).

## II. FACTUAL BACKGROUND

### A. The Policy

Travelers issued insurance policy number Y-660-6C539039-TIL-14 to GWLA Acquisition Corporation for the period of August 24, 2014 to August 24, 2015 ("Policy"). [Answer to Complaint, Dkt. No. 24, ¶6.] An endorsement to the Policy identifies Avalon as a named insured. [*Id.*]

### B. The Underlying Action

On or about May 9, 2016, EM filed a lawsuit against Avalon in the United States District Court for the Western District of Washington entitled *Electric Mirror, LLC v. Avalon Glass and Mirror Co. et al.*, Case Number 2:16-cv-00665-RAJ ("Underlying Action"). [Answer, Dkt. No. 24, ¶7.] EM alleges that it produces high end mirror products with built-in lighting and television displays to customers including luxury hotels and resorts in Las Vegas, Nevada. [Counterclaims, Dkt. No. 24, ¶19.] EM also alleges Avalon sold and delivered to EM a number of painted, cut and edge polished mirrors in 2015 which EM purchased in order to supply finished products to the MGM Mandalay Bay Hotel and Resort in Las Vegas, Nevada. [Counterclaims, Dkt. No. 24, ¶19.]

EM alleges mirrors provided by Avalon had "micro-scratching" that was not obvious or readily visible, and EM incorporated the allegedly damaged and defective mirrors into EM's finished product which subsequently had to be replaced by EM. [Counterclaims, Dkt. No. 24, ¶21.] EM alleges claims for breach of express warranty, breach of implied warranty, breach of contract and negligence against Avalon in the Underlying Action. [Counterclaims, Dkt. No. 24, ¶23.] Avalon disputes and denies EM's allegations and claim for damages. [Counterclaims, Dkt. No. 24, at ¶24.]

### C. The Tender of Defense To Travelers

Avalon alleges that after being notified of the Underlying Action in or about June 2016, Travelers initially denied coverage under the Policy by letter dated July

11, 2016.  [Counterclaims, Dkt. No. 24, ¶¶29-30.]  Later, on or about April 5, 2017, Travelers allegedly agreed to defend Avalon in the Underlying Action under a full reservation of rights after Travelers received new information related to the Underlying Action.  [Counterclaims, Dkt. No. 24, ¶¶36-38.]  Travelers further agreed to share in the costs of Avalon's defense through attorney R. Scott Fallon ("Fallon") who had been retained by Liberty Mutual Insurance Company, another insurer of Avalon that had already accepted Avalon's defense.  [Counterclaims, Dkt. No. 24, ¶¶41-44.]

### D. This Declaratory Relief Action

Travelers commenced this declaratory relief action against Avalon on February 9, 2018, contending EM's claims for damages related to the purportedly damaged mirrors supplied by Avalon do not qualify for coverage under the Policy by virtue of various Policy terms, conditions, exclusions and/or limitations. Travelers seeks declarations that it does not have, and has never had, a duty to defend the Underlying Action under the Policy or a duty to indemnify Avalon related to any damages awarded in that suit.  Travelers also seeks reimbursement of monies paid to defend Avalon in the Underlying Action.

### E. Avalon's Counterclaims

On April 20, 2018, Avalon answered Travelers' Complaint for Declaratory Relief and concurrently filed Counterclaims against Travelers for breach of contract and bad faith.  According to Avalon, Travelers' initial denial of coverage in July 2016 was wrongful, and caused Avalon to retain two separate law firms that provided legal services totaling $248,829 before Travelers agreed to defend Avalon in April 2017.  [Counterclaims, Dkt. No. 24, ¶¶31-34.]  Avalon claims Travelers breached the Policy by initially denying coverage for the Underlying Action and failing to reimburse Avalon for the costs of legal services provided by Avalon's separate counsel.  [Counterclaims, Dkt. No. 24, ¶67.]

### F. Immaterial And Impertinent Allegations About Fallon

The Counterclaims also include a number of allegations related to the quality of Fallon's defense of Avalon. In particular, it is alleged that "Travelers had a duty to reasonably and adequately supervise Mr. Fallon and the defense of the Underlying Action…" [Counterclaims, Dkt. No. 24, ¶45.] It is further alleged that Travelers breached that duty because Travelers was aware of the following acts and omissions by Fallon and did nothing to correct his conduct:

> 47. Mr. Fallon failed in several key respects to adequately or properly defend Avalon and prepare the Underlying Action for trial, to Avalon's prejudice.
>
> 48. Mr. Fallon, among other things, failed to complete significant discovery on liability and damages issues.
>
> 49. Mr. Fallon obtained documents from third parties without obtaining testimony or declarations to authenticate the documents.
>
> 50. Mr. Fallon also failed to adequately inspect Electric Mirror's facilities and mirrors that Electric Mirror rejected.
>
> 51. Mr. Fallon also failed to adequately or properly question witnesses at depositions.
>
> 52. Mr. Fallon also made little or no effort to locate key witnesses.
>
> 53. Mr. Fallon also failed to depose numerous current and former Electric Mirror employees.
>
> 54. Mr. Fallon conducted essentially no discovery on the damages Electric Mirror is claiming.
>
> 55. Mr. Fallon also cancelled a previously scheduled mediation without any consultation from Avalon or its insurers.
>
> 56. Mr. Fallon's plan for completing discovery was inadequate as it relied on taking between 4 and 5 depositions per day of often critical

1  witnesses, including the founder of Electric Mirror, during the weeks leading
2  up to the then-existing discovery cut-off deadline.
3      57.   Mr. Fallon also obtained numerous emails but did not review
4  them or share them with Avalon prior to the deposition of Electric Mirror's
5  founder.

[Counterclaims, Dkt. No. 24, ¶¶46-59.]

### III.   MOTION TO STRIKE STANDARDS

Rule 12(f) of the Federal Rules of Civil Procedure authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983)

"Immaterial" matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, while "impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other grounds); *Wilkerson v. Butler,* 229 F.R.D. 166, 170 (E.D. Cal. 2005). For instance, when a musician files a counterclaim against the holder of a copyright seeking rescission of a music publishing agreement entered with the copyright holder's predecessor based on events that were barred by the applicable statute of limitations, the allegations in support of rescission were properly stricken under Rule 12(f). *Fantasy Inc. v. Fogerty, supra,* 984 F.2d 1524 at 1527-1528.

As further discussed below, paragraphs 45-59 of the Counterclaims should similarly be stricken as immaterial and impertinent matters that are completely unnecessary to Avalon's breach of contract and bad faith claims since the purported duty to supervise Fallon in his defense of Avalon does not exist and California law

is clear that Travelers is free from liability for malpractice committed by Fallon, if any.

## IV. THE COURT SHOULD STRIKE THE IMMATERIAL AND IMPERTINENT PARAGRAPHS 45-59

Liability insurance policies like the one at issue herein obligate an insurer to defend its insured against third party claims that may potentially be covered under the policy.  Once a suit is filed against the insured, this defense duty includes obligations to employ competent counsel to represent the insured, provide counsel with adequate funds to conduct the defense and keep abreast of the progress and status of the litigation so that the insurer may act intelligently and in good faith on settlement offers.  *See Merritt v. Reserve Ins. Co.,* 34 Cal. App. 3d 858, 882 (1973); *Gray Cary Ware & Freidenrich v. Vigilant Ins. Co.,* 114 Cal. App. 4th 1185, 1190-1191 (2004).  The carrier's duty to defend, however, does not include a duty to "reasonably and adequately supervise" counsel retained to defend the insured, nor is the carrier liable for any malpractice committed by counsel during the course of the defense.  California law is clear on this point, as evidenced by the decision in *Merritt*, which determined that a cause of action against an insurer based on retained defense counsel's negligent conduct (investigation, preparation, trial, appeal and satisfaction) is not viable, stating:

> The second charge in this count is negligent handling and conduct of the defense…This charge, however, was directed against [the insurer] and not against the independent trial counsel who conducted and handled the defense of the lawsuit…
>
> We do not accept the claim that vicarious liability falls on one who retains independent trial counsel to conduct litigation on behalf of a party when retained counsel have conducted the litigation negligently…In our view independent counsel retained to conduct litigation in the courts act in the capacity of independent contractors, responsible for the results of their

| | |
|---|---|
| 1 | conduct and not subject to the control and direction of their employer over the |
| 2 | details and manner of their performance.  By its very nature the duty assumed |
| 3 | by [the insurer] to defend its assured against suits must necessarily be |
| 4 | classified as a delegable duty, understood by all parties as such, for [the |
| 5 | insurer] had no authority to perform that duty itself and, in fact, was |
| 6 | prohibited from appearing in the California courts…Since a carrier is not |
| 7 | authorized to practice law…, it must rely on independent counsel for the |
| 8 | conduct of the litigation… |
| 9 | We confine our consideration to the circumstances of this case, where the |
| 10 | carrier employed independent trial counsel to conduct the defense of the |
| 11 | lawsuit for the insured…Having chosen competent independent counsel to |
| 12 | represent the insured in the litigation, the carrier may rely upon trial counsel |
| 13 | to conduct the litigation, and the carrier does not become liable for trial |
| 14 | counsel's legal malpractice.  If trial counsel negligently conducts the |
| 15 | litigation, the remedy for this negligence is found in an action against counsel |
| 16 | for malpractice and not in a suit against counsel's employer to impose |
| 17 | vicarious liability… |
| 18 | In our view the trial court correctly concluded the negligence count…did not |
| 19 | set forth any breach of duty by [the insurer] of the obligations with which it |
| 20 | was chargeable… |

*Merritt v. Reserve Ins. Co., supra,* 34 Cal. App. 3d at 880-882.

Not unlike the plaintiff in *Merritt,* Avalon alleges in paragraphs 45-59 that Fallon "failed in several key respects to adequately or properly defend Avalon and prepare the Underlying Action for trial…" and attempts to hold Travelers responsible for failing to correct Fallon's conduct.  *Merritt,* however, is clear that Travelers was not responsible for directing or controlling the details of Fallon's performance, and instead, Travelers could properly rely on Fallon, as competent counsel, to conduct Avalon's defense.

As well, any failure by Fallon to adequately defend Avalon does not set forth a breach of any duty by Travelers as a matter of law, meaning the failures do not prove or have any essential or important relationship to Avalon's claims for breach of contract or breach of the implied covenant of good faith and fair dealing, or the issues that will determine whether Travelers is liable for those counterclaims. The Court should therefore strike paragraphs 45-59 since the allegations are immaterial and impertinent to the claims for relief set forth in the Counterclaims. *See Kearns v. Ford Motor Company,* 2007 WL 5110308 *4 (C.D. Cal. March 22, 2007) (where plaintiff alleged liability based on statute enacted three years after events alleged in complaint and California law is clear that a new statute should not be applied retroactively when it imposes new or different liabilities, allegations regarding violation should be stricken from Complaint).

### A. The *Lesher* Decision Does Not Provide For A Different Rule

Avalon had ample opportunity during the parties' multiple Local Rule 7-3 conferences to cite a California decision imposing the "duty to supervise" defense counsel as advocated by Avalon, but failed to do so. Indeed, Avalon principally relies on the decision in *Travelers Insurance Company v. Lesher*, which does not involve or even mention such a duty to supervise retained defense counsel. Instead, *Lesher* involved an insured's suit against his liability carrier for damages resulting from the insurer's alleged improper conduct of the insured's defense to an anti-trust suit, which allegedly caused the insured to agree to a settlement he did not want to accept. 187 Cal. App. 3d 169 (1987). Avalon relies on the court's statement in *Lesher* that "[O]ther duties and obligations may attach if 'necessary to assure the provision...of a proper defense by the insurer…" *Id.* at 191. That statement, however, is not an endorsement for the creation of an insurer's duty to reasonably supervise retained defense counsel for multiple reasons.

First, the statement is limited to the context in which it was made, namely to explain why the trial court properly rejected a jury instruction stating "[T]he

1   insurer's obligation to defend is discharged when it retains competent counsel…"
2   *Id.* That instruction was certainly erroneous in light of the scope of the insurer's
3   duty to defend, which includes duties to fund the defense and stay informed about
4   the progress of the lawsuit, as set forth above by *Merritt* which is cited with
5   approval in *Lesher. Id.*

6       Second, the only other case cited by *Lesher* in support of the statement is
7   *Spindle v. Chubb/Pacific Indemnity Group*, which concerns an insurer's duty to
8   counsel its jointly represented insureds with respect to the conduct of their defense
9   and does not impose or involve a duty upon the insurer to supervise the defense
10  provided by retained defense counsel.  *See* 89 Cal. App. 3d 706, 712 fn. 12 (1979).

11      Further, *Lesher* does not involve an insurer's purported failure to supervise
12  defense counsel who allegedly failed to mount an adequate defense.  Rather, the
13  alleged improper conduct of the defense in *Lesher* involved acts and omissions
14  stemming directly from the insurer, including the insurer's failures to do the
15  following: (1) authorize retained defense counsel to negotiate settlement with the
16  underlying plaintiff; (2) accept invitations from the insured to participate in
17  settlement discussions; and (3) promptly appoint new defense counsel after retained
18  defense counsel withdrew instead of waiting at least 5 months to appoint new
19  defense counsel leaving new counsel only 5 ½ weeks to prepare for trial. *Id.* at
20  182-183.

21      The holding in *Lesher* is thus limited to the facts at issue in that case, which
22  do not involve or implicate a duty to supervise retained defense counsel. *See*
23  *Chevron U.S.A., Inc. v. Workers' Compensation Appeals Board,* 19 Cal.4th 1182,
24  1195-1196 (it is axiomatic that language in a judicial opinion is to be understood in
25  accordance with the facts and issues before the court; an opinion is not authority for
26  propositions not considered).  The case, as a result, does not impose such a duty on
27  Travelers or undermine the holding in *Merritt* confirming Travelers is not liable for
28

-10-
TRAVELERS' MOTION TO STRIKE

loss arising out of failures by Fallon to mount an adequate defense on behalf of Avalon.

### B. Prejudice Will Ensue If Paragraphs 45-59 Remain

Additionally, the disputed paragraphs allege deficiencies in multiple facets of Fallon's defense of Avalon, including his preparation for depositions, efforts to locate witnesses and secure written discovery from third parties, communications with Avalon's representatives, and investigation of mirrors rejected by EM at EM's facilities. These allegations have absolutely no bearing on the only potential breach of duty alleged in the Counterclaims. That is, Avalon contends that Travelers failed to pay for defense fees generated by Avalon's counsel retained *prior* to Fallon (Sheppard Mullin & Lane Powell). [Counterclaims, Dkt. No. 24, ¶¶31-34.] The alleged conduct by Fallon does not impact or influence whether Travelers owed coverage to Avalon prior to Fallon's retention, which again confirms that the allegations are immaterial and impertinent.

If the Court does not strike paragraphs 45-59, considerable time and expense will no doubt be spent by the parties investigating the scope, results, and effect of Fallon's defense activities in preparation for the trial herein, all of which would be unduly prejudicial to Travelers since those activities by counsel do not prove, disprove, or otherwise impact the breach of contract and bad faith claims. *See* O'Connell, Stevenson, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-G, §§9:407-9:410 (The Rutter Group 2018) (though courts are split on whether the moving party must show that it will be prejudiced unless the challenged pleading is stricken, it appears to be sufficient if the moving party can show litigating an immaterial or impertinent matter will result in the waste of both time and money); *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.,* 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (the possibility that issues will be unnecessarily complicated is the type of prejudice that is sufficient to support the granting of a motion to strike).

1   The very purpose of Rule 12(f) is to avoid this precise type of wasted time
2   and money by eliminating immaterial and impertinent allegations such as
3   paragraphs 45-59 that do not support or otherwise relate to a viable claim for relief.
4   The allegations should be stricken for these additional reasons.

5   **C.  Leave To Amend Should Be Denied Due To Futility of Amendment**
6   **And Prejudice**

7   As well, any amendment to paragraphs 45-59 would be futile since Travelers
8   is immune from liability for professional negligence committed by Fallon during his
9   time as Avalon's retained defense counsel.  In view of that futility and the prejudice
10  discussed above that would ensue if the issues raised by paragraphs 45-59 remain in
11  the case, Avalon should not have leave to amend the pleading to mount some
12  alternative attack on the quality of Fallon's defense.  *See Northstar Financial*
13  *Advisors v. Schwab Investments,* 135 F. Supp. 3d 1059, 1069 (N.D. Cal. 2015)
14  (leave to amend shall be denied if allowing amendment would unduly prejudice the
15  opposing party or be futile).

16  **V.   CONCLUSION**

17  In light of the foregoing, Travelers respectfully requests that the Court grant
18  the motion to strike paragraphs 45-59 of the Counterclaims without leave to amend
19  as matters that are immaterial and impertinent to the claims alleged therein.

20
21
22  Dated:  May 21, 2018

Respectfully submitted,
WESTON & McELVAIN LLP

23
24  By:  **/s/ Leo L. Ashley**
    Aaron C. Agness
25  Leo L. Ashley III
    Attorneys for Plaintiff/Counter-
26  Defendant TRAVELERS PROPERTY
    CASUALTY COMPANY OF
27  AMERICA
28

-12-
TRAVELERS' MOTION TO STRIKE

*Travelers Property Casualty Company of America v. Glasswerks, LA, Inc. et al.*
USDC-Central District, 2:18-CV-01144-JFW (GJSx)

# PROOF OF SERVICE

I, Delora Thy, declare:

I am employed in the County of Los Angeles, state of California. I am over the age of 18 and not a party to the within action; my business address is 1960 East Grand Avenue, Suite 400, El Segundo, California 90245.

On May 21, 2018, I served a copy of the foregoing document described as: **NOTICE OF PLAINITFF/CROSS-DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S MOTION TO STRIKE IMMATERIAL AND/OR IMPERTINENT MATTERS FROM COUNTERCLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in this action by placing true and correct copies thereof enclosed in sealed envelopes addressed as follows:

**[PLEASE SEE ATTACHED SERVICE LIST]**

**[X]** **(ELECTRONIC):** By electronically filing the foregoing document with the Clerk of the United States District Court, Central District of California, using its ECF system, which electronically notifies the persons on the attached service list at the email addresses registered with the ECF System.

I declare under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

I declare under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 21, 2018 at El Segundo, California.

*/s/ Delora Thy*
Delora Thy

*Travelers Property Casualty Company of America v. Glasswerks, LA, Inc. et al.*
USDC-Central District, 2:18-CV-01144-JFW (GJSx)

## **SERVICE LIST**

| | |
|---|---|
| Frank Kaplan, Esq.<br>BLANK ROME LLP<br>2029 Century Park East, 6th Floor<br>Los Angeles, CA 90067 AS MOOT<br>Telephone: (424) 239-3400 4/2/18<br>Facsimile: (424) 239-3845<br>E-mail: fkaplan@blankrome.com | *Attorney for Defendants,*<br>Glasswerks LA, Inc. and Avalon<br>Glass & Mirror Company |
| Justin F. Lavella, Esq. *pro hac vice*<br>BLANK ROME LLP<br>1825 Eye Street NW<br>Washington, DC 20006<br>Telephone: (202) 420-4834<br>Facsimile (202) 420-2201<br>E-mail: jlavella@blankrome.com | *Attorney for Defendants,*<br>Glasswerks LA, Inc. and Avalon<br>Glass & Mirror Company |