WESTON & McELVAIN LLP
Aaron C. Agness (State Bar No. 221943)
Leo L. Ashley III (State Bar No. 197890)
1960 E. Grand Avenue, Suite 400
El Segundo, California 90245
Telephone:   (213) 596-8000
Facsimile:   (213) 596-8039
Email:         aagness@wmattorneys.com
                 lashley@wmattorneys.com

Attorneys for Plaintiff/Counter-Defendant TRAVELERS
PROPERTY CASUALTY COMPANY
OF AMERICA

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> Vs. <br><br> GLASSWERKS LA, INC.; AVALON GLASS & MIRROR COMPANY, <br><br> Defendants. | CASE NO. 2:18-cv-01144 JFW(GJSx) <br><br> **PLAINTIFF/COUNTER-DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S NOTICE OF LODGING OF [PROPOSED] ORDER GRANTING MOTION TO STRIKE IMMATERIAL AND/OR IMPERTINENT MATTERS FROM COUNTERCLAIMS** <br><br> [FRCP, Rule 12(f)] <br><br> Hearing Date:   July 2, 2018 <br> Time:               1:30 p.m. <br> Courtroom:      7A <br><br> Complaint Filed: February 9, 2018 <br> Trial Date:        None |

1        Pursuant to Local Rules 5-1 and 5-4.4 and this Court's Standing Order dated

2   February 14, 2018 (Document 10), Plaintiff/Counter-Defendant Travelers Property

3   Casualty Company of America ("Travelers") hereby lodges its [Proposed] Order

4   Granting Travelers' Motion to Strike Paragraphs 45-59 of the Counterclaims of

5   Defendants/Counterclaimants Glasswerks LA, Inc. and Avalon Glass & Mirror

6   Company.  Said Order is attached hereto as **Exhibit 1**.

7

8

9                                                   Respectfully submitted,

10  Dated:  June 4, 2018               WESTON & McELVAIN LLP

11

12                          By:  **/s/ Leo L. Ashley III**

13                                 Aaron C. Agness

                                 Leo L. Ashley III

14                                 Attorneys for Plaintiff/Counter-

                               Defendant TRAVELERS PROPERTY

15                                 CASUALTY COMPANY OF

                               AMERICA

16

17

18

19

20

21

22

23

24

25

26

27

28

TRAVELERS' NOTICE OF LODGING OF
[PROPOSED] ORDER GRANTING  MOTION TO STRIKE

EXHIBIT "1"

1

2

3

4

5

6

7

8                   **UNITED STATES DISTRICT COURT FOR THE**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10   TRAVELERS PROPERTY CASUALTY    )   CASE NO. 2:18-cv-01144 JFW(GJSx)
     COMPANY OF AMERICA,            )
11                                  )
                 Plaintiff,         )   **[PROPOSED] ORDER**
12                                  )   **GRANTING MOTION OF**
                                    )   **PLAINTIFF/COUNTER-**
13   Vs.                            )   **DEFENDANT TRAVELERS**
                                    )   **PROPERTY CASUALTY**
14                                  )   **COMPANY OF AMERICA TO**
     GLASSWERKS LA, INC.; AVALON    )   **STRIKE IMMATERIAL AND/OR**
15   GLASS & MIRROR COMPANY,        )   **IMPERTINENT MATTERS**
                                    )   **FROM COUNTERCLAIMS**
16               Defendants.        )
                                    )
17                                  )   [FRCP, Rule 12(f)]
                                    )
18                                  )   Hearing Date:  July 2, 2018
                                    )   Time:          1:30 p.m.
19                                  )   Courtroom:     7A
                                    )
20                                  )
                                    )   Complaint Filed: February 9, 2018
21                                  )   Trial Date:      None
                                    )
22                                  )
                                    )
23                                  )
                                    )
24                                  )
                                    )
25                                  )
                                    )
26   _____)

27

28

On May 21, 2018, Plaintiff/Counter-Defendant Travelers Property Casualty Company of America ("Travelers") filed a Motion to Strike the following Paragraphs 45-59 of the Counterclaims for breach of insurance contract and breach of the implied covenant of good faith and fair dealing ("bad faith") filed against Travelers by Defendants/Counterclaimants Glasswerks LA, Inc. and Avalon Glass & Mirror Company (collectively referred to as "Avalon"):

*45.    As a result, Travelers had a duty to reasonably and adequately supervise Mr. Fallon and the defense of the Underlying Action.*

*46.    Although Travelers agreed to provide counsel for Avalon pursuant to its duty to defend, Travelers breached its duty to defend by failing to reasonably and adequately supervise Mr. Fallon.*

*47.    Mr. Fallon failed in several key respects to adequately or properly defend Avalon and prepare the Underlying Action for trial, to Avalon's prejudice.*

*48.    Mr. Fallon, among other things, failed to complete significant discovery on liability and damages issues.*

*49.    Mr. Fallon obtained documents from third parties without obtaining testimony or declarations to authenticate the documents.*

*50.    Mr. Fallon also failed to adequately inspect Electric Mirror's facilities and mirrors that Electric Mirror rejected.*

*51.    Mr. Fallon also failed to adequately or properly question witnesses at depositions.*

*52.    Mr. Fallon also made little or no effort to locate key witnesses.*

*53.    Mr. Fallon also failed to depose numerous current and former Electric Mirror employees.*

*54.    Mr. Fallon conducted essentially no discovery on the damages Electric Mirror is claiming.*

1       55.    *Mr. Fallon also cancelled a previously scheduled mediation*

2   *without any consultation from Avalon or its insurers.*

3       56.    *Mr. Fallon's plan for completing discovery was inadequate as it*

4   *relied on taking between 4 and 5 depositions per day of often critical*

5   *witnesses, including the founder of Electric Mirror, during the weeks leading*

6   *up to the then-existing discovery cut-off deadline.*

7       57.    *Mr. Fallon also obtained numerous emails but did not review*

8   *them or share them with Avalon prior to the deposition of Electric Mirror's*

9   *founder.*

10      58.    *Avalon is informed and believes that Travelers was aware of Mr.*

11  *Fallon's acts and omissions, but did nothing to correct his conduct to ensure*

12  *that Avalon received an adequate defense of the Underlying Action.*

13      59.    *As a result of Mr. Fallon's acts and omissions, in March 2018*

14  *Avalon was required to engage Lane Powell to re-enter the case as lead*

15  *counsel and replace Mr. Fallon.*

16  After considering Travelers' and Avalon's points and authorities, argument of

17  counsel and evidence filed by the parties in support of and in opposition to the

18  motion, the Court hereby grants the motion in its entirety and strikes Paragraphs 45-

19  59 from the Counterclaims without leave to amend.

20  ## I.    <u>Legal Standard</u>

21  Rule 12(f) of the Federal Rules of Civil Procedure authorizes the Court to

22  "strike from a pleading an insufficient defense or any redundant, immaterial,

23  impertinent or scandalous matter."  The function of a Rule 12(f) motion is to avoid

24  the expenditure of time and money that must arise from litigating spurious issues by

25  dispensing with those issues prior to trial.  *Sidney-Vinstein v. A.H. Robins Co.,* 697

26  F.2d 880, 885 (9th Cir. 1983).

27  "Immaterial" matter is that which has no essential or important relationship to

28  the claim for relief or the defenses being pleaded, while "impertinent" matter

-3-

1  consists of statements that do not pertain, and are not necessary, to the issues in

2  question." *Fantasy Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on

3  other grounds); *Wilkerson v. Butler,* 229 F.R.D. 166, 170 (E.D. Cal. 2005).

4        A motion to strike may be properly granted where plaintiff seeks a form of

5  relief that is not available as a matter of law.  *Cholakyan v. Mercedes-Benz USA,*

6  *LLC,* 796 F. Supp. 2d 1220, 1244-1245 (C.D. Cal. 2011); *Fantasy Inc. v. Fogerty,*

7  *supra,* 984 F.2d at 1527 (when a musician files a counterclaim against the holder of

8  a copyright seeking rescission of a music publishing agreement entered with the

9  copyright holder's predecessor based on events that were barred by the applicable

10  statute of limitations, the allegations in support of rescission were properly stricken

11  under Rule 12(f)); *Kearns v. Ford Motor Company,* 2007 WL 5110308 *4 (C.D.

12  Cal. March 22, 2007) (where plaintiff alleged liability based on statute enacted three

13  years after events alleged in complaint and California law is clear that a new statute

14  should not be applied retroactively when it imposes new or different liabilities,

15  allegations regarding violation should be stricken from Complaint).

16        **II.    <u>Analysis</u>**

17        Liability insurance policies like the one allegedly issued by Travelers to

18  Avalon obligate an insurer to defend its insured against third party claims that may

19  potentially be covered under the policy.  Once a suit is filed against the insured, this

20  defense duty includes obligations to employ competent counsel to represent the

21  insured, provide counsel with adequate funds to conduct the defense and keep

22  abreast of the progress and status of the litigation so that the insurer may act

23  intelligently and in good faith on settlement offers.  *See Merritt v. Reserve Ins. Co.,*

24  34 Cal. App. 3d 858, 882 (1973); *Gray Cary Ware & Freidenrich v. Vigilant Ins.*

25  *Co.,* 114 Cal. App. 4th 1185, 1190-1191 (2004).  The carrier's duty to defend,

26  however, does not include a duty to "reasonably and adequately supervise" counsel

27  retained to defend the insured, nor is the carrier liable for any malpractice

28  committed by counsel during the course of the defense.  California law is clear on

this point, as evidenced by the decision in *Merritt*, which determined that a cause of action against an insurer based on retained defense counsel's negligent conduct of the insured's defense (investigation, preparation, trial, appeal and satisfaction) is not viable, stating:

> The second charge in this count is negligent handling and conduct of the defense…This charge, however, was directed against [the insurer] and not against the independent trial counsel who conducted and handled the defense of the lawsuit…
>
> We do not accept the claim that vicarious liability falls on one who retains independent trial counsel to conduct litigation on behalf of a party when retained counsel have conducted the litigation negligently…In our view independent counsel retained to conduct litigation in the courts act in the capacity of independent contractors, responsible for the results of their conduct and not subject to the control and direction of their employer over the details and manner of their performance.  By its very nature the duty assumed by [the insurer] to defend its assured against suits must necessarily be classified as a delegable duty, understood by all parties as such, for [the insurer] had no authority to perform that duty itself and, in fact, was prohibited from appearing in the California courts…Since a carrier is not authorized to practice law…, it must rely on independent counsel for the conduct of the litigation…
>
> We confine our consideration to the circumstances of this case, where the carrier employed independent trial counsel to conduct the defense of the lawsuit for the insured…Having chosen competent independent counsel to represent the insured in the litigation, the carrier may rely upon trial counsel to conduct the litigation, and the carrier does not become liable for trial counsel's legal malpractice.  If trial counsel negligently conducts the litigation, the remedy for this negligence is found in an action against counsel

for malpractice and not in a suit against counsel's employer to impose vicarious liability…

The conduct of the actual litigation, including the amount and extent of discovery, the interrogation, evaluation, and selection of witnesses, the employment of experts, and the presentation of the defense in court, remains the responsibility of trial counsel…

In our view the trial court correctly concluded the negligence count…did not set forth any breach of duty by [the insurer] of the obligations with which it was chargeable…

*Merritt v. Reserve Ins. Co., supra,* 34 Cal. App. 3d at 880-882.

Not unlike the plaintiff in *Merritt,* Avalon alleges in Paragraphs 45-59 that defense counsel Bud Fallon ("Fallon") "failed in several key respects to adequately or properly defend Avalon and prepare the Underlying Action for trial…" and attempts to hold Travelers responsible for failing to correct Fallon's conduct.

Avalon attempts to distinguish *Merritt,* contending the decision "…is inapposite and does not involve a situation like the one here where the insurer was aware of the attorneys' misconduct, but did nothing about it." [See Opposition at 6:3-23.] This argument is not persuasive.

Paragraphs 45-59 allege Travelers knew about, but failed to correct deficiencies in various aspects of Fallon's defense of Avalon, including his preparation for depositions, efforts to locate witnesses and secure written discovery from third parties, communications with Avalon's representatives, and investigation of mirrors rejected by the plaintiff in the underlying suit against Avalon, Electric Mirror LLC ("EM").

Similar misconduct was at issue in *Merritt* in which it was alleged that the insurer "…handled the defense of [the insured]…in a negligent manner and without exercising due care and without regard for the best interests of [the insured] in that said defendants failed to properly investigate and prepare for said litigation; failed to

1  properly undertake, initiate, entertain or pursue discussions with plaintiff...for the

2  disposition and settlement of said case at any stage of the proceeding prior to

3  judgment; repeatedly and erroneously misled [the insured] into a false sense of

4  security and resulting inaction by assuring it that its interests and the interests of its

5  employee…were being adequately protected; and failed to properly protect the

6  interests of [the insured] in the trial, appeal and satisfaction of said action…"  See

7  *Merritt v. Reserve Ins. Co., supra,* 34 Cal. App. 3d at 880.

8      The only difference is that the pleading in *Merritt* alleged the insurer, who was

9  acting through retained defense counsel, committed the defense failures itself

10  instead of alleging the failures were committed by defense counsel and known to the

11  insurer. This is a distinction without a difference since the substance of both

12  pleadings is that the defense afforded through retained defense counsel was

13  inadequate to protect the interests of the insureds and the insurers were complicit in

14  that failure of defense, either because the insurer committed the failure (*Merritt*) or

15  the insurer was aware of the failure and did not correct it (Avalon).

16      Against this backdrop, *Merritt* is certain that "[T]he conduct of the actual

17  litigation, including the amount and extent of discovery, the interrogation,

18  evaluation, and selection of witnesses, the employment of experts, and the

19  presentation of the defense in court, remains the responsibility of trial counsel…",

20  and "[H]aving chosen competent independent counsel to represent the insured in

21  litigation, the carrier may rely upon trial counsel to conduct the litigation, and the

22  carrier does not become liable for trial counsel's legal malpractice." *Id.* at 881-882.

23      Thus, the purported duty to reasonably supervise retained defense counsel does

24  not exist, and the notion of such a duty was specifically rejected by *Merritt.*

25  Moreover, none of the decisions advanced by Avalon in the Opposition including,

26  but not limited to the decision in *Travelers Insurance Co. v. Lesher,* concerns,

27  imposes or even mentions any such duty by a defending liability insurer to supervise

28  or direct retained defense counsel in the conduct of the defense.

[PROPOSED] ORDER GRANTING TRAVELERS' MOTION TO STRIKE

1    Just like the allegations in *Merritt* claiming the insurer provided the insured with

2    an inadequate defense by the way retained defense counsel prepared the case for

3    trial, Paragraphs 45-59, which similarly allege Travelers was complicit in Fallon's

4    provision of a defective defense, do not set forth any breach of duty by Travelers

5    with which it was chargeable.  See *Id.* at 882.  The paragraphs, as a consequence,

6    fail to allege an independent basis for Avalon's breach of contract and bad faith

7    claims.  Rather, because Paragraphs 45-59 are insufficient to allege an actionable

8    breach by Travelers and only included in the Counterclaims due to Avalon's

9    mistaken belief to the contrary,[1] the allegations concerning Fallon are absolutely

10   immaterial and impertinent to the issues of consequence herein and hereby stricken

11   from Avalon's Counterclaims.

12         Further, if the Court accepts Avalon's arguments and allows Paragraphs 45-

13   59 to remain in the Counterclaims, the parties will undoubtedly spend considerable

14   time and expense investigating the scope, results, and effect of Fallon's defense

15   activities in preparation for the trial herein, all of which would be unduly prejudicial

16   to Travelers since those activities by counsel do not prove, disprove, or otherwise

17   impact Avalon's breach of contract and bad faith claims.  *See* O'Connell, Stevenson,

18   Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-G, §§9:407-9:410 (The

19   Rutter Group 2018) (though courts are split on whether the moving party must show

20   that it will be prejudiced unless the challenged pleading is stricken, it appears to be

21   sufficient if the moving party can show litigating an immaterial or impertinent

22   matter will result in the waste of both time and money); *California Dept. of Toxic*

23   *Substances Control v. Alco Pacific, Inc.,* 217 F. Supp. 2d 1028, 1033 (C.D. Cal.

24   2002) (the possibility that issues will be unnecessarily complicated is the type of

25   prejudice that is sufficient to support the granting of a motion to strike).  This order

26   striking Paragraphs 45-59 is necessary to protect Travelers from such prejudice.

27

28   _____

[1] See Opposition at 9:6-9.

1  Additionally, because *Merritt* is dispositive of Avalon's rights to recover from
2  Travelers based on the alleged failures described in Paragraphs 45-59 and Avalon's
3  Opposition does not even offer any ways in which those paragraphs can be amended
4  to support the claims for breach of contract and bad faith, leave to amend is hereby
5  denied.  See *Saul v. U.S.,* 928 F.2d 829, 843 (9th Cir. 1991) (a district court does not
6  err in denying leave to amend where the amendment would be futile; district court
7  did not abuse discretion in denying leave to amend where proposed amendment
8  seeking injunctive relief was barred by federal statute).

9
10  **IT IS SO ORDERED.**

11
12
13
14
15  Dated: _____          By: _____
16                                        Hon. John F. Walter
                                          United States District Court
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER GRANTING TRAVELERS' MOTION TO STRIKE

*Travelers Property Casualty Company of America v. Glasswerks, LA, Inc. et al.*
USDC-Central District, 2:18-CV-01144-JFW (GJSx)

## PROOF OF SERVICE

I, Regina Macleod, declare:

 I am employed in the County of Los Angeles, state of California.  I am over the age of 18 and not a party to the within action; my business address is 1960 East Grand Avenue, Suite 400, El Segundo, California 90245.

 On June 4, 2018, I served a copy of the following document:

**PLAINTIFF/COUNTER-DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S NOTICE OF LODGING OF [PROPOSED] ORDER GRANTING MOTION TO STRIKE IMMATERIAL AND/OR IMPERTINENT MATTERS FROM COUNTERCLAIMS**

 By electronically filing the foregoing document with the Clerk of the United States District Court, Central District of California, using its ECF system, which electronically notifies the persons on the attached service list at the email addresses registered with the ECF System.

 I declare under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

 I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

 Executed on June 4, 2018 at El Segundo, California.

Regina Macleod

1

*Travelers Property Casualty Company of America v. Glasswerks, LA, Inc. et al.*
USDC-Central District, 2:18-CV-01144-JFW (GJSx)

## SERVICE LIST

Frank Kaplan, Esq.
BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone: (424) 239-3400
Facsimile: (424) 239-3434
E-mail: fkaplan@blankrome.com

*Attorney for Defendants,*
Glasswerks LA, Inc. and Avalon
Glass & Mirror Company

Justin F. Lavella, Esq. *pro hac vice*
BLANK ROME LLP
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-4834
Facsimile (202) 420-2201
E-mail: jlavella@blankrome.com

*Attorney for Defendants,*
Glasswerks LA, Inc. and Avalon
Glass & Mirror Company

2

PROOF OF SERVICE